**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Annette-Lynn McKenna, | No. CV-22-08041-PCT-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| HP Incorporated, et al., | |
| Defendants. | |

**I.**

Plaintiff filed a *pro se* Complaint against HP Inc. and certain individuals (the "Defendants"). The Complaint is difficult to interpret, however, as best the Court can tell, and with the aid of additional facts asserted in an attached affidavit, Plaintiff is an employee of HP Inc. and objects to its COVID-19-related workforce vaccination policies. Plaintiff seeks relief in the form of a declaratory judgment that these policies violate her rights under the United States Constitution and the separation of powers doctrine, that they are void for vagueness, and that they violate certain statutes. (Doc. 1 at 7-8.) Defendants filed a Motion to Dismiss arguing that the Court lacks subject matter jurisdiction because the claims asserted are "essentially fictitious," "wholly insubstantial," "obviously frivolous," or "obviously without merit." (Doc. 22 at 2.) Alternatively, Defendants argue that the Complaint should be dismissed for failure to state a claim because it fails to assert a cognizable legal theory against them. (*Id.*) Plaintiff opposes the Motion. (Doc. 26.) The Motion to Dismiss is well taken on both grounds and will be granted.

**II.**

The Court's first duty is to determine whether subject matter jurisdiction exists over Plaintiff's Complaint. It is Plaintiff's burden to establish subject matter jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) ("The plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met."). The Court finds that it lacks subject matter jurisdiction here because the asserted claims are "essentially fictitious," "wholly insubstantial," "obviously frivolous," and "obviously without merit." *Hagan v. Lavine*, 415 U.S. 528, 537 (1974). Absent certain narrow exceptions that are not pleaded here, a plaintiff may not assert constitutional violations against private actors such as Defendants. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The Complaint makes no effort to explain how these Defendants can have violated her constitutional rights. The Complaint also does not explain how this Court has subject matter jurisdiction over Plaintiff's claims under the "Emergency Power Act," the "Emergency Management Act," and "the Public Health Code." (Doc. 1 at 8.) The Complaint fails to establish how the Court has jurisdiction over *these* claims against *these* defendants.

Even if subject matter jurisdiction exists here, the Complaint would be subject to dismissal for failure to state a claim. To begin with, the Complaint fails to assert well-pleaded facts putting Defendants on notice of the specific claims against them. *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007). Next, as explained in the previous paragraph, Plaintiff has failed to assert grounds entitling her to relief for federal constitutional and statutory violations against a private employer for its COVID-19 workforce policies. While Plaintiff may have a well-grounded personal opposition to corporate vaccine mandates and other disease mitigation policies, her Complaint simply fails to state a cognizable legal theory and factual detail that would support the relief that she requests.

**III.**

The Court will dismiss the Complaint with prejudice. Plaintiff has previously filed two separate lawsuits against Defendants, and other defendants not included in this

pleading. Those other lawsuits asserted essentially similar claims about COVID-19 vaccines. Both were summarily dismissed without prejudice. *See McKenna v. HP Incorporated, et al.*, No. 3:21-CV-08271-JAT, Order at 2 (D. Ariz. Jan. 26, 2022); *McKenna v. HP Incorporated, et al.*, No. 3:22-CV-08016-SPL, Order at 4 (D. Ariz. Feb. 4, 2022). This was Plaintiff's third opportunity to correct these fundamental jurisdictional and pleading deficiencies. She has failed to do so. Additionally, her Response to the Motion to Dismiss simply reiterates her previously asserted opposition to Defendants' workforce policies without explaining how a chance at amending her Complaint would succeed. For these reasons, the Court finds that any further amendment would be an exercise in futility.

## IV.

Accordingly, **IT IS ORDERED**:

1. The Motion to Dismiss (Doc. 22) is **granted**. Plaintiff's Complaint is dismissed with prejudice.

2. Plaintiff's Motion to Submit Non-Electronic Exhibits (Doc. 25) is **denied as moot**.

3. Defendants' Motion to Strike Plaintiff's Notice of Questions in Support of Complaint (Doc. 28) is **granted** because the filing is not authorized by any statute, rule, or court order. The Clerk of Court is kindly instructed to strike the Notice of Questions (Doc. 24) from the record.

4. The Clerk of Court is kindly instructed to enter judgment in Defendants' favor and close this case.

Dated this 16th day of May, 2022.

Michael T. Liburdi
United States District Judge